Humberto M. Guizar, Esq., (SBN 125769)
E-mail: herito@aol.com
Kent M. Henderson Esq., (SBN 139530)
hendolaw@gmail.com
Angel Carrazco, Jr. (SBN 230845)
angel@carrazcolaw.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd. Tustin, CA 92780
Tel:  (714) 541-8600
Fax: (714) 541-8601

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.C., a minor, by and through her guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; J.A.C., a minor, by and through their guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; BRENDAN CANO CERDA a.k.a. MIGUEL CANO CERDA, an individual; and MARIA LUISA CORDERO, an individual,<br><br>            Plaintiffs,<br><br>                    v.<br><br>CITY OF LOS ANGELES, an entity; CITY OF LOS ANGELES POLICE DEPARTMENT, an entity; BRITTNEY GUTIERREZ, an individual; JAIME MEJIA, an individual; and DOES 1 Through 10, Inclusive,<br><br>            Defendants.<br>_____ | Case No:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:  VIOLATION OF FEDERAL CIVIL RIGHTS (42 USC § 1983) AND SUPPLEMENTAL STATE LAW CLAIMS**<br><br>1. VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 USC § 1983);<br>2. SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS;<br>3. MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS;<br>4. SUBSTANTIVE DUE PROCESS (42 USC § 1983);<br>5. ASSAULT;<br>6. BATTERY;<br>7. NEGLIGENCE<br>**[DEMAND FOR JURY TRIAL]** |

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**COMES NOW** PLAINTIFFS, M.A.C., a minor, by and through her guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; J.A.C., a minor, by and through their guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; BRENDAN CANO CERDA a.k.a. MIGUEL CANO CERDA, an individual; and MARIA LUISA CORDERO, an individual, allege and complain as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and for Supplemental State Law Claims for Relief against Defendants, CITY OF LOS ANGELES, an entity; CITY OF LOS ANGELES POLICE DEPARTMENT, an entity; BRITTNEY GUTIERREZ, an individual; JAIME MEJIA, an individual; and DOES 1 Through 10. Jurisdiction is founded on the basis of 28 U.S.C. §§1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law. Venue is proper in the Central District of California because the herein described incident took place in the general location of Elkwood Street and Andasol Avenue, in the Lake Balboa area of the City of Los Angeles, California, which is within the Central District.

2. It is herein alleged that Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, acting in their individual capacity, under color of law and in the course and scope of their employment with Defendant City of Los Angeles, and City of Los Angeles Police Department (hereinafter "LAPD"), and other officers or individuals employed by Defendant City of Los Angeles and LAPD, used unreasonable and/or excessive deadly force and shot and killed MIGUEL ANGEL CANO without legal cause or excuse, and made an unreasonable seizure of the person of Miguel Angel Cano, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and deprived him of equal

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

protection of the law and substantive due process of law under the Fifth Amendment. It is also alleged herein that Defendants' actions violated state law and Plaintiff has supplemental state law claims.

## JURISDICTION

3. Plaintiffs, M.A.C., a minor, by and through her guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; J.A.C., a minor, by and through their guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; BRENDAN CANO CERDA a.k.a. MIGUEL CANO CERDA, an individual; and MARIA LUISA CORDERO, an individual, assert claims for relief arising under, and for violations of, the following laws:

        (a)    Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986, and 1988;

        (b)    Monell v. Department of Social Services

        (c)    The Fourth Amendment of the United States Constitution;

        (d)    The Fourteenth Amendment of the United States Constitution;

        (e)    Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution.

4. The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331.

5. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of California.

6. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

7.     This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**VENUE**

8.     Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in Los Angeles County, California, which is within the Central District as more fully set forth herein. Defendants are proper before this Court because "a substantial part of the events upon which this action is based occurred in this district."  28 U.S.C. §1891(a)(2) and §1343.  The shootings complained of herein occurred at the general location of Elkwood Street and Andasol Avenue, in the Lake Balboa area of the City of Los Angeles, California, which is in Los Angeles County.

**PARTIES**

9.     The decedent, MIGUEL ANGEL CANO was a resident of Los Angeles County during all times relevant hereto.  At the time of his death, on November 9, 2015, MIGUEL ANGEL CANO was unmarried.

10.     Plaintiff M.A.C. is the minor natural daughter of MIGUEL ANGEL CANO.  She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her mother and guardian, CIRENIA GARCIA, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of MIGUEL ANGEL CANO, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

11.     Plaintiff J.A.C. is the minor natural son of MIGUEL ANGEL CANO. He is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through his mother and guardian, CIRENIA GARCIA, and maintain the present action for himself individually and as heir at

3

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

law and successor in interest to the estate of MIGUEL ANGEL CANO, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

12. Plaintiff BRENDAN CANO CERDA a.k.a. MIGUEL CANO CERDA is the natural father of the decedent, who was dependent on the deceased for support, and is therefore entitled to maintain the present action for himself individually. Plaintiff BRENDAN CANO CERDA also brings this action for interference of his familial relationship with his son, Decedent MIGUEL ANGEL CANO.

13. Plaintiff MARIA LUISA CORDERO is the natural mother of the decedent, who was dependent on the deceased for support, and is therefore entitled to maintain the present action for herself individually. Plaintiff MARIA LUISA CORDERO also brings this action for interference of her familial relationship with her son, Decedent MIGUEL ANGEL CANO.

14. At all times mentioned herein, Defendant CITY OF LOS ANGELES (hereinafter sometimes "CITY") was and is a public entity, duly organized and existing under and by virtue of the laws of the State of California.

15. At all times mentioned herein, the CITY OF LOS ANGELES POLICE DEPARTMENT (hereinafter sometimes "LAPD") is, and was a public agency duly organized and existing under and by the laws of the State of California and/or was a department of Defendant CITY OF LOS ANGELES. Plaintiffs are informed and believe and thereon allege that Defendants CITY and LAPD were the employers of Defendants BRITTNEY GUTIERREZ and JAIME MEJIA (hereinafter at times "GUTIERREZ" and "MEJIA," respectively) and Defendants DOES 1-10.

16. Plaintiffs are informed and believe, and thereon allege, that Defendants GUTIERREZ and MEJIA, are, and at all times herein mentioned were, duly appointed and acting as police officers for Defendants CITY and LAPD, and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

were at all material times acting under color of state law, and as the employees, agents and representatives of every other Defendant. Defendants GUTIERREZ and MEJIA were acting under color of law and within the course and scope of their employment, including but not limited to under California Government Code Sections 815.2, 820 and 825, with Defendants CITY and LAPD on November 9, 2015, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants GUTIERREZ and MEJIA as alleged herein. Plaintiffs have timely presented a Government Claim under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

17. At all times mentioned herein, Defendants GUTIERREZ and MEJIA, individuals, were acting within the course and scope of their employment and under color of law as an officer, officer, sergeant, captain, commander, and/or civilian employee of the CITY OF LOS ANGELES and CITY OF LOS ANGELES POLICE DEPARTMENT, and each of them was authorized by the Defendant CITY and/or the Defendant LAPD to perform the duties and responsibilities of a sworn police officer of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of his duties as a police officer, officer and official. Defendants GUTIERREZ and MEJIA are sued herein in their individual capacity and in their official capacity as a police officer, officer, sergeant, captain and/or as other employee of Defendants CITY and LAPD.

18. At all times relevant hereto, Defendants GUTIERREZ, MEJIA and all DOE Defendants (DOES 1-10), and each of them, were acting within the course and scope of their employment and under color of law as officers, deputies, sergeants, captains, commanders, and/or civilian employees of Defendant LAPD, a department and/or a subdivision of Defendant CITY and at all times were acting

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

with permission and consent of their co-Defendants. Said Defendants, and each of them, were specifically authorized by Defendant CITY and/or LAPD to perform the duties and responsibilities of sworn police officers and/or deputies of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers, deputies and officials for said Defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, deputies, sergeants, captains, commanders, supervisors, policy makers and/or as other employees of Defendant CITY and LAPD. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY, and/or LAPD.

19. Defendants CITY and/or LAPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them.

20. PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege said Defendants' true names and capacities when such are ascertained. PLAINTIFFS are informed and believe and thereon allege, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name Defendants.

21. At all times relevant herein, Defendants DOES 1-10 were supervisors, employees and/or policy makers for Defendants CITY and/or LAPD, which employed unlawful, organized and illegal customs and practices of use of unreasonable and/or excessive force and false arrests which lacked probable cause.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them.

22. At all times relevant to the present complaint, Defendants DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant CITY and/or LAPD which are liable under the doctrine of *respondeat superior*, pursuant to Sections 815.2, 820 and 825 of the California Government Code, et al.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

23. On or about November 9, 2015, at approximately 1:00 P.M., decedent MIGUEL ANGEL CANO was in the neighborhood near the intersection of Elkwood Avenue and Andasol Avenue in the Lake Balboa area of Los Angeles. Defendants BRITTNEY GUTIERREZ and JAIME MEJIA arrived on the scene of the intersection of Elkwood Avenue and Andasol Avenue.

24. Defendants GUTIERREZ and MEJIA allegedly made certain statements to decedent MIGUEL ANGEL CANO.

25. Defendants GUTIERREZ and MEJIA then fired at least one non-lethal, bean-bag round at decedent MIGUEL ANGEL CANO. Defendants GUTIERREZ and MEJIA then used a Taser.

26. Defendants GUTIERREZ and MEJIA then drew their firearms and opened fire, firing approximately six shots at decedent MIGUEL ANGEL CANO.

27. Decedent MIGUEL ANGEL CANO, after being shot, staggered southbound approximately 250 feet to the 1700 block of Stagg Street in the Lake Balboa area of Los Angeles. This is where MIGUEL ANGEL CANO died.

28. At the time that he was shot and killed on November 9, 2015, MIGUEL ANGEL CANO had committed no crimes and Defendants GUTIERREZ and MEJIA lacked probable cause to make an arrest of his person, or to use deadly force against decedent MIGUEL ANGEL CANO.

29. From the time that the Defendants GUTIERREZ and MEJIA first saw

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

MIGUEL ANGEL CANO on November 9, 2015, and until they shot and killed MIGUEL ANGEL CANO, minutes later, at no time during that relevant time period did MIGUEL ANGEL CANO present a risk of imminent deadly force to Defendants GUTIERREZ and MEJIA or anyone else present.

30. MIGUEL ANGEL CANO died at approximately 1:40 P.M., on November 9. 2015, as a direct result of being shot by Defendants GUTIERREZ and MEJIA, sustaining multiple lethal gunshot wounds as well as contusions and bruising on his body.

31. At no time, prior to being shot and killed by Defendants GUTIERREZ and MEJIA, did decedent MIGUEL ANGEL CANO present a risk of imminent deadly harm that would lead a reasonable officer to believe that his or her life was in danger or in threat of imminent harm.

32. After the shooting, the officers delayed obtaining medical assistance for MIGUEL ANGEL CANO.

33. At the time of the shooting, on November 9, 2015, decedent MIGUEL ANGEL CANO presented no threat of serious bodily harm or death to Defendants GUTIERREZ and MEJIA, or anyone else that would justify the use of lethal deadly force. Defendant officers GUTIERREZ and MEJIA used unreasonable and/or excessive deadly force in shooting and killing MIGUEL ANGEL CANO on November 9, 2015.

34. Plaintiffs are informed, believe and thereupon allege that MIGUEL ANGEL CANO died a short time after suffering great pain and anguish after he was shot by Defendants GUTIERREZ and MEJIA.

35. On November 9, 2015, at approximately 1:00 P.M., MIGUEL ANGEL CANO was not engaged in the commission of a crime and, under the United States Constitution and the cases interpreting it, had rights including a liberty interest to be free in one's person from unlawful search and seizure of one's person and a right to not have unreasonable and/or excessive force used against

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

him.

36.     When Defendants GUTIERREZ and MEJIA engaged in the encounter of MIGUEL ANGEL CANO, and when they thereafter fired their weapons at MIGUEL ANGEL CANO, on November 9, 2015, they did not possess information that MIGUEL ANGEL CANO was engaged in the commission of a crime, and they had no reasonable suspicion of wrong doing, and there was no probable cause of the commission of a crime.  Defendants GUTIERREZ and MEJIA, while acting under color of law, used unreasonable and/or excessive force in shooting and killing MIGUEL ANGEL CANO.

37.     Defendants GUTIERREZ and MEJIA and DOES 1-10, while acting within the course and scope of their employment with Defendant CITY OF LOS ANGELES and the CITY OF LOS ANGELES POLICE DEPARTMENT, detained, and arrested MIGUEL ANGEL CANO, which was a violation of his Fourth Amendment rights to be free from unreasonable searches and seizures as he had committed no crimes and there was no legal reason for him to be detained.

38.     On November 9, 2015, at approximately 1:00 P.M., in the intersection of Elkwood Avenue and Andasol Avenue in the Lake Balboa area of Los Angeles, California, Defendants GUTIERREZ and MEJIA, while acting within the course and scope of their employment with Defendants CITY and LAPD, and under color of State law, used unreasonable and/or excessive force and shot and killed MIGUEL ANGEL CANO without probable cause, justification, or excuse.  At the time that Defendants GUTIERREZ and MEJIA shot and killed MIGUEL ANGEL CANO, he represented no threat to the officers' lives or to the lives of others.

39.     At the time the two Defendant officers engaged in the encounter with MIGUEL ANGEL CANO, he was not engaged in any dangerous activity. There was no justification for the use of unreasonable and/or excessive force in shooting and killing Decedent within a couple of minutes from the initial encounter. Without warning of any sort, Defendants GUTIERREZ and MEJIA, without

9

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

reason, cause or justification, fired upon and killed MIGUEL ANGEL CANO. When MIGUEL ANGEL CANO was shot, he constituted no threat to the Defendant officers or others, and there was no legal cause or excuse to seize the person of MIGUEL ANGEL CANO.

40.   MIGUEL ANGEL CANO died as a direct result of the shooting by Defendants GUTIERREZ and MEJIA.

41.   MIGUEL ANGEL CANO sustained great pain, suffering and anguish after he was shot multiple times, and before he died.

42.   Defendants GUTIERREZ and MEJIA, and each of them, discharged their firearm recklessly, intentionally, tortuously and/or, in the alternative, negligently, with the intent to kill and/or commit serious bodily injury upon MIGUEL ANGEL CANO and to violate his civil rights.

43.   As a direct and proximate result of the aforementioned acts of Defendants GUTIERREZ and MEJIA, and each of them, MIGUEL ANGEL CANO suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)   Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)   Conscious physical pain, suffering, and emotional trauma.

(c)   Medical bills and expenses and future medical care costs and expenses.

(d)   Loss of income and lost earning capacity.

(e)   Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

44.   In contacting, confronting and dealing with MIGUEL ANGEL CANO, the Defendants CITY, LAPD and Defendants GUTIERREZ, MEJIA, and DOES 1-10 employed flawed and substandard tactics.   Said tactics were

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

intentional, negligent, reckless and/or otherwise tortious and resulted from the flawed, inadequate and substandard training provided by LAPD to its officers, deputies, supervisors and/or other employees regarding the handling of civilians encountered in the street. Such inadequate training left said individuals unprepared for handling such encounters and created a scenario where the subject officers, deputies, and/or other Defendants improperly used deadly force on November 9, 2015.

45. The Plaintiffs herein filed governmental claims with the CITY pursuant to the requirements of California Government Code Section 800 *et seq.* More than 45 days have passed since the governmental claims were presented. Plaintiffs have satisfied all California Government Claim Requirements and the supplemental state law claims in this lawsuit are timely filed.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW

### (42 U.S.C. §1983)

[By Plaintiffs against Defendants GUTIERREZ, MEJIA, and DOES 1-10]

46. Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

47. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, for violation of the procedural and substantive due process rights of MIGUEL ANGEL CANO.

48. On November 9, 2015, Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, employees of Defendant CITY OF LOS ANGELES and the CITY OF LOS ANGELES POLICE DEPARTMENT, shot and killed MIGUEL ANGEL CANO in violation of 42 U.S.C. §1983 and in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Unreasonable and/or excessive force was used by Defendants GUTIERREZ and MEJIA to shoot and

11

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

kill MIGUEL ANGEL CANO. In so acting, officer Defendants GUTIERREZ and MEJIA, and each of them, acted under color of law in his or her individual capacity and as an employee of Defendant CITY and LAPD. MIGUEL ANGEL CANO was shot and killed by said Defendants without justification, cause, or excuse in violation of 42 U.S.C. §1983.

49. At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

50. At said date and location, in deliberate indifference to the life, health and Constitutional rights of MIGUEL ANGEL CANO, said Defendants refrained from so intervening, in violation of 42 U.S.C. §§1985, 1986.

51. As a result thereof, said Defendants unlawfully shot and killed MIGUEL ANGEL CANO in violation of his rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America.

52. The aforementioned acts of Defendants GUTIERREZ and MEJIA were malicious, willful, oppressive and despicable conduct as herein alleged and each of them acted with a conscious disregard of the rights of MIGUEL ANGEL CANO and with an intent to vex, injure or annoy MIGUEL ANGEL CANO such as to constitute oppression, fraud or malice. The individual Defendants, and each of them, engaged in a conscious and willful disregard of safety and caused injuries and damages to MIGUEL ANGEL CANO. Plaintiffs are therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants GUTIERREZ and MEJIA in order to promote greater safety and provide an incentive for Defendants GUTIERREZ and MEJIA, and others so situated to engage in safer practices.

53. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, MIGUEL ANGEL CANO suffered the following

12

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a) Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b) Conscious physical pain, suffering, and emotional trauma.

(c) Medical bills and expenses and future medical care costs and expenses.

(d) Loss of income and lost earning capacity.

(e) Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

54. As a direct and proximate result of said constitutional violations tortious acts, omissions or conduct of Defendants GUTIERREZ, MEJIA, and DOES 1-10, and each of them, Plaintiffs M.A.C., a minor, by and through her guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; J.A.C., a minor, by and through their guardian CIRENIA GARCIA, individually and as heir at law and successor in interest to MIGUEL ANGEL CANO; BRENDAN CANO CERDA a.k.a. MIGUEL CANO CERDA, an individual; and MARIA LUISA CORDERO, an individual, have sustained and incurred, and are certain in the future to sustain and incur losses, injuries, and damages which are itemized as follows:

(a) Funeral and burial expenses of decedent MIGUEL ANGEL CANO in a sum to be determined according to proof. Plaintiffs will request leave of Court to determine the total amount thereof, once the same has been ascertained; and

(b) The value of Decedent MIGUEL ANGEL CANO's financial support to be determined according to proof;

13

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(c)   Plaintiffs have been deprived of the services, love, society, care, comfort, protection, companionship and affection of Decedent MIGUEL ANGEL CANO, who was, respectively, a loving and devoted father and a loving and devoted son, all to Plaintiffs' loss and general damage in a sum in excess of the minimum jurisdictional limits of this Court.

## SECOND CLAIM FOR RELIEF

## SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS

[By Plaintiffs against All Defendants]

55.   Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

56.   This action is brought pursuant to 42 U.S.C. §1983, for violation of decedent MIGUEL ANGEL CANO's rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

57.   On the date of the shooting of plaintiff MIGUEL ANGEL CANO, on November 9, 2015, supervising officers Defendants DOES 1-10, sued herein in their official capacity, Defendant CITY OF LOS ANGELES and the CITY OF LOS ANGELES POLICE DEPARTMENT had supervisory authority over Defendants BRITTNEY GUTIERREZ and JAIME MEJIA.

58.   Plaintiffs are informed and believe and thereon allege that Defendants DOES 1-10 participated in, encouraged, condoned and ratified the conduct of Defendants GUTIERREZ and MEJIA, in approaching, contacting, seizing or attempting to seize, and shooting MIGUEL ANGEL CANO.

59.   Defendants DOES 1-10, Defendants CITY and LAPD tolerated, encouraged and condoned the type of misconduct giving rise to the shooting of

14

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Plaintiff MIGUEL ANGEL CANO by consciously ignoring, turning a blind eye to and overlooking this type of misconduct within LAPD.

60.    Defendants DOES 1-10, Defendants CITY and LAPD encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of Defendants GUTIERREZ and MEJIA by failing to discipline officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for the misconduct, and in the present instance failing to supervise and control said Defendants, so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

61.    By consciously and deliberately overlooking the acts of misconduct and criminal acts by their subordinate officers, Defendants DOES 1-10, Defendant CITY and LAPD established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers.  The condoning of misconduct by Defendants DOES 1-10, CITY and LAPD was so comprehensive and well known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

62.    Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, Defendants DOES 1-10, CITY and LAPD were deliberately indifferent to the constitutional violations being committed by their subordinates, including Defendants GUTIERREZ, MEJIA, and DOES 1-10.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

63. Defendant CITY is liable through application of *respondeat superior* pursuant to California Government Code §§ 815.2, 820 and 825 for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

64. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, MIGUEL ANGEL CANO suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a) Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b) Conscious physical pain, suffering, and emotional trauma.

(c) Medical bills and expenses and future medical care costs and expenses.

(d) Loss of income and lost earning capacity.

(e) Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

## THIRD CLAIM FOR RELIEF

## MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

[By Plaintiffs against All Defendants]

65. Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

66. This action is brought pursuant to 42 U.S.C. §1983, for violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

67. Plaintiff MIGUEL ANGEL CANO possessed the right, guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and unreasonable and/or excessive force by Defendant CITY OF LOS ANGELES.

68. On November 9, 2015, Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, acting within the course and scope of their duties as a peace officer and/or employee of Defendant CITY and the CITY OF LOS ANGELES POLICE DEPARTMENT, deprived Plaintiff MIGUEL ANGEL CANO of his rights to be free from unreasonable seizures, unreasonable and/or excessive force, and searches, when said Defendants unreasonably and without justification shot Plaintiff MIGUEL ANGEL CANO. Additionally, Defendants DOES 1-10 violated Plaintiff MIGUEL ANGEL CANO'S Civil Rights to be free from unlawful search, seizure, arrest and detention.

69. At the time of the shooting of MIGUEL ANGEL CANO by Defendants GUTIERREZ and MEJIA, Defendant CITY had ratified, and implemented, policies, procedures, customs and practices of Defendant LAPD which permitted and encouraged their peace officers, employees and officials to unjustifiably, unreasonably violate the constitutional rights to the public that reside in the low income communities of the CITY. Specifically, Defendants CITY and its Police Department, LAPD, have a long and storied history of racism and unreasonable and/or excessive use of deadly force against unarmed and/or minority suspects.

70. Between the years 2011-2015, Defendant LAPD, as the police department for Defendant CITY, and its officers were involved in 2000 shootings. Of those shootings, LAPD officers killed 174 persons. Of those persons shot, 81%, or 149 persons, were non-white and/or minority.

71. Plaintiffs are informed and believe, and thereon allege, that prior to the shooting of MIGUEL ANGEL CANO, the Defendant CITY was aware of

17

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

problems of insubordination, unreasonable and/or excessive use of force, and an internal "code of silence" among LAPD officers. The "code of silence," as it is colloquially known, is the understanding among police officers that misconduct, corruption, crimes, and the unreasonable and/or excessive use of force will not be reported through the chain of command. The "code of silence" means that peace officers are expected to generate false reports and perjure themselves to cover up the use of unreasonable and/or excessive force and other misconduct by other officers. The "code of silence" encourages officers to commit insubordinate acts, generate false reports, and use unreasonable and/or excessive or unreasonable force in an environment that condoned, ratified and enabled officer misconduct and use of unreasonable and/or excessive force.

72. Plaintiffs are informed and believe, and thereon allege, that based on the Defendant CITY's tolerance of rampant officer misconduct, as stated above, LAPD officers operate under a CITY custom and practice of falsifying police reports of officer-involved shootings, including the fabrication of claims that the victim was armed and presented a lethal threat to officers and the general public at the time of the shooting.

73. Said policies, procedures, customs and practices also called for the Defendant CITY and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of wrongful shootings by police officers of LAPD, or the related claims and lawsuits made as a result of such shootings.

74. Said policies, procedures, customs and practices called for and lead to the refusal of Defendant CITY to investigate complaints of previous incidents of wrongful shootings and, instead, officially claim that such incidents were justified and proper.

75. Said policies, procedures, customs and practices called for the refusal of Defendant CITY to conduct executive meetings within five days of such

18

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

shootings to evaluate the shooting, prepare a plan to conceal any misconduct committed during such incidents, and to plan and conduct a campaign to conceal such misconduct.

76.     Said policies, procedures, customs and practices called for CITY, by means of inaction and cover-up, to encourage its police officers to believe that improper shooting of unarmed suspects, including members of minority groups, was permissible.  The concealment and cover up included writing false police reports and testifying falsely as to how the unreasonable and/or excessive force incident occurred.

77.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of MIGUEL ANGEL CANO. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendant CITY of indistinguishably similar incidents of unjustified and unreasonable Police shootings.

78.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of MIGUEL ANGEL CANO. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices, and tactic and weapons training in light of prior knowledge by Defendant CITY of indistinguishably similar incidents.

79.     Deliberate indifference to the civil rights of minority groups and other victims of unreasonable and/or excessive force and Police officer-involved shootings was also evidenced by Defendant CITY ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

80.     Deliberate indifference is also evidenced by maintenance of an inadequate system of firearms discharges by LAPD which failed to identify

19

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

instances of improper use of firearms, as well as by the failure of by said Defendant to adequately train and more closely supervise or retrain deputies who in fact improperly used such weapons.

81.    Other systemic deficiencies of CITY which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by police officers of the CITY include:

(a)    preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such use was justified;

(b)    preparation of investigative reports which uncritically rely solely on the word of police officers involved in the shooting incidents and which systematically fail to credit testimony by non-officer witnesses;

(c)    preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

(d)    issuance of public statements exonerating deputies involved in such incidents prior to the completion of investigations of the shootings;

(e)    failure to objectively and independently review investigative reports by responsible supervisors for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the shooting or which contradict such evidence; and,

(f)    failure to maintain centralized department-wide system for the tracking and monitoring of the use of unreasonable and/or excessive force, abuse of authority, and race-based misconduct by individual police officers so as to identify those officers who engage in a pattern of unreasonable and/or excessive force, abuse of authority, and misconduct.

20

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

82. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant CITY caused the Defendants GUTIERREZ, MEJIA, and DOES 1-10 to be unaware of the rules and laws governing permissible use of firearms and to believe that firearms discharges are entirely within the discretion of the officer and that improper discharges would not be objectively, thoroughly and properly investigated, all with the foreseeable result Defendants GUTIERREZ and MEJIA would use deadly force in situations where such force is neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

83. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendant CITY, Defendant police officers GUTIERREZ and MEJIA, and DOES 1-10 wrongfully shot and killed MIGUEL ANGEL CANO, thereby causing the damages claimed herein.

84. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, MIGUEL ANGEL CANO suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

    (a) Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

    (b) Conscious physical pain, suffering, and emotional trauma.

    (c) Medical bills and expenses and future medical care costs and expenses.

    (d) Loss of income and lost earning capacity.

    (e) Attorney's fees and costs pursuant to 42 U.S.C. Section 1988.

//

//

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## FOURTH CLAIM FOR RELIEF

### SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)

[By Plaintiffs against Defendants BRITTNEY GUTIERREZ, JAIME MEJIA, and DOES 1-10]

85. Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

86. PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with Decedent MIGUEL ANGEL CANO.

87. Decedent MIGUEL ANGEL CANO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

88. The aforementioned actions of Defendants BRITTNEY GUTIERREZ, JAIME MEJIA, and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent MIGUEL ANGEL CANO and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

89. As a direct and proximate result of these actions, Decedent MIGUEL ANGEL CANO was harmed, experienced pain and suffering, and died. Defendants GUTIERREZ, MEJIA, and DOES 1-10 thus violated the substantive due process rights of the Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent MIGUEL ANGEL CANO.

90. As a direct and proximate cause of the acts of Defendants GUTIERREZ, MEJIA, and DOES 1-10, Plaintiffs have suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-

22

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

long love, companionship, comfort, support, society, care, and sustenance of Decedent MIGUEL ANGEL CANO, and will continue to be so deprived for the remainder of their natural life.

91.    The conduct of Defendants GUTIERREZ, MEJIA, and DOES 1-10 was willful, wanton, malicious, and was done with reckless disregard for the rights and safety of Decedent MIGUEL ANGEL CANO and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants GUTIERREZ, MEJIA, and DOES 1-10.

92.    Defendants GUTIERREZ, MEJIA, and DOES 1-10 are each liable for Decedent MIGUEL ANGEL CANO's injuries, either because they engaged in the above conduct; because they were integral participants in the above conduct; or because they failed to intervene to prevent the above conduct.

93.    Plaintiffs each bring this claim individually and as a successor-in-interest to the Decedent MIGUEL ANGEL CANO, and Plaintiffs seek survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## **FIFTH CLAIM FOR RELIEF**

### ASSAULT

[By Plaintiffs against All Defendants]

94.    Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

95.    Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.

96.    Defendants, and each of them, acted intending to cause harmful or offensive contact with MIGUEL ANGEL CANO.  Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of his or her

23

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

employment as a Police Officer and Defendant CITY OF LOS ANGELES is responsible for the actions, inaction and damages caused by Defendants GUTIERREZ and MEJIA under *respondeat superior* including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

97. Plaintiff MIGUEL ANGEL CANO reasonably believed that he was about to be touched in a harmful and offensive manner.

98. Plaintiff MIGUEL ANGEL CANO did not consent to Defendants' and each of their conduct.

99. Defendants' and each of theirs, conduct was a substantial factor in causing harm to MIGUEL ANGEL CANO in the form of an assault.

100. Said assault was not consented to by MIGUEL ANGEL CANO, nor was the Defendants' infliction of serious bodily injury upon MIGUEL ANGEL CANO, which resulted in the death of MIGUEL ANGEL CANO, privileged or immunized by the laws of the State of California.

101. Each of the individual Defendants including Defendants GUTIERREZ and MEJIA acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive each Plaintiff of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual Defendants GUTIERREZ and MEJIA, and the other individual Defendants.

102. As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff MIGUEL ANGEL CANO sustained and incurred, and is certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

    (a)    Physical and mental pain and suffering;

    (b)    Damages to clothing, personal effects and other special damages;

    (c)    Medical expenses including future medical expenses;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(d)      Lost earnings and lost earning capacity;

(e)      Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendants GUTIERREZ and MEJIA, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendant GUTIERREZ and MEJIA, and the other individual Defendants, in order to promote greater safety and provide an incentive for Defendants GUTIERREZ and MEJIA, and the other individual Defendants and others so situated to engage in safer practices.

## FIFTH CLAIM FOR RELIEF

### BATTERY

[By Plaintiffs against All Defendants]

103.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

104.   Plaintiffs invokes the Supplemental Jurisdiction of this Court to hear this claim.  Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as police officers and Defendant CITY OF LOS ANGELES, as the employer, is responsible for the actions, inaction and damages caused by Defendants GUTIERREZ and MEJIA, pursuant to the doctrine of *respondeat superior*, including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

105.   Defendants GUTIERREZ and MEJIA, and each of them, touched MIGUEL ANGEL CANO with intent to harm MIGUEL ANGEL CANO, in that they physically fired bean-bag bullets and used a Taser on his person and then shot and killed MIGUEL ANGEL CANO.

25

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

106. MIGUEL ANGEL CANO did not consent to being shot multiple times.

107. MIGUEL ANGEL CANO was harmed by the conduct of Defendants and each of them, in that he was shot and killed by Defendants GUTIERREZ and MEJIA.

108. Said Battery was not consented to by MIGUEL ANGEL CANO, nor was the Defendants' infliction of serious bodily injury upon MIGUEL ANGEL CANO privileged or immunized by the laws of the State of California.

109. Each of the individual Defendants, including Defendants GUTIERREZ and MEJIA, acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive decedent MIGUEL ANGEL CANO of his rights and privileges, and did in fact violate the aforementioned rights and privileges of MIGUEL ANGEL CANO, entitling Plaintiffs to exemplary and punitive damages against the individual Defendant, GUTIERREZ and MEJIA, and the other individual Defendants.

110. As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

    (a)    Physical and mental pain and suffering;

    (b)    Damages to clothing, personal effects and other special damages;

    (c)    Medical expenses including future medical expenses;

    (d)    Lost earnings and lost earning capacity;

    (e)    Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendants GUTIERREZ and MEJIA, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendants GUTIERREZ and

26

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

MEJIA, and the other individual Defendants, and each of them, in order to promote greater safety and provide an incentive for Defendants GUTIERREZ and MEJIA, and the other individual Defendants and others so situated to engage in safer practices.

## SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

[By Plaintiffs against All Defendants]

111.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.  Plaintiffs plead this claim of Negligence in the alternative to the Claims above (Claims 1 through 5 which plead intentional conduct).

112.   Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.  Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as a Police Officer and Defendant CITY OF LOS ANGELES is responsible for the actions, inaction and damages caused by Defendants GUTIERREZ and MEJIA, pursuant to the doctrine of *respondeat superior*, including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

113.   Defendants and each of them, including Defendants GUTIERREZ and MEJIA, had a duty to not cause Plaintiff MIGUEL ANGEL CANO serious and severe personal injury.

114.   Defendants and each of them, including Defendants GUTIERREZ and MEJIA, breached their duty to not cause Plaintiff MIGUEL ANGEL CANO serious or severe personal injury by unjustifiably shooting MIGUEL ANGEL CANO multiple times, resulting in the death of MIGUEL ANGEL CANO.

27

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

115.   Defendants, and each of them, including Defendants GUTIERREZ and MEJIA, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, Decedent MIGUEL ANGEL CANO was shot and killed.    Defendants GUTIERREZ and MEJIA, and the other Defendants, were negligent in shooting MIGUEL ANGEL CANO.

116.   Defendants, and each of them, including Defendants GUTIERREZ and MEJIA, caused the death of MIGUEL ANGEL CANO by negligently shooting him multiple times.

117.   As a direct and proximate result of the breach of duty by Defendants, and each of them, MIGUEL ANGEL CANO was killed.

118.   As a direct and proximate result of said, negligent,  tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

    (a)    Physical and mental pain and suffering;

    (b)    Burial expenses.

    (c)    Damages to clothing, personal effects and other special damages;

    (d)    Medical expenses including future medical expenses;

    (e)    Lost earnings and lost earning capacity.

## **PRAYER**

WHEREFORE,  PLAINTIFFS,  M.A.C.,  a  minor,  by  and  through  her guardian CIRENIA GARCIA, individually and as heir at law and successor in interest  to  MIGUEL  ANGEL  CANO;  J.A.C.,  a  minor,  by  and  through  their guardian CIRENIA GARCIA, individually and as heir at law and successor in interest  to  MIGUEL  ANGEL  CANO;    BRENDAN  CANO  CERDA  a.k.a. MIGUEL CANO CERDA, and MARIA LUISA CORDERO, and each of them, for

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

each and every claim for relief stated above, demand the following relief, jointly and severally, against all the Defendants:

1. Compensatory general and special damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2. For funeral and burial expenses, and loss of financial support;

3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, 42 U.S.C. section 1983 and California Civil Code Section 52;

4. Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendants BRITTNEY GUTIERREZ and JAIME MEJIA, and the other individual Defendants only;

5. Costs of suit necessarily incurred herein;

6. Prejudgment interest according to proof;

7. Pre-Judgment and Post-Judgment interest; and

8. Such other and further relief as the Court deems just and proper.


Dated:  June 21, 2016

**GUIZAR, HENDERSON & CARRAZCO, LLP**


By: _____/S/_____

KENT M. HENDERSON
Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## **JURY DEMAND**

Trial by jury of all issues is demanded.

Dated:  June 21, 2016

**GUIZAR, HENDERSON & CARRAZCO, LLP**


By: _____/S/_____

KENT M. HENDERSON
Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**